**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

JAMIE P.,[1]                                           3:21-CV-00861-BR

        **Plaintiff,**                                OPINION AND ORDER

**v.**

**Commissioner, Social**
**Security Administration,**

        **Defendant.**


**KEVIN KERR**
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

**NATALIE K. WIGHT**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**RYAN TA LU**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-2531

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Jamie P. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

     Plaintiff filed an application for SSI on February 15, 2017, alleging a disability onset date of July 31, 2015.  Tr. 297.[2] The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 22, 2019.  Tr. 39-72.  At the hearing Plaintiff was represented by an attorney, and Plaintiff and a vocational expert (VE) testified.

---

     [2] Citations to the official transcript of record filed by the Commissioner on January 17, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

The ALJ issued a decision on February 6, 2019, in which he found Plaintiff was not disabled, and, therefore, Plaintiff was not entitled to benefits.

On October 18, 2019, the Appeals Council entered an order in which it remanded the matter to the ALJ to evaluate medical records from Restore Therapy dated September 13, 2018, through January 11, 2019; to evaluate further Plaintiff's mental impairments in light of the Restore Therapy records; and to consider Plaintiff's residual functional capacity (RFC) in light of the Restore Therapy records.  Tr. 168.

An ALJ held a hearing on remand on April 14, 2020.  Tr. 73-113.  At the hearing Plaintiff was not represented and a VE testified.  On August 13, 2020, the ALJ issued a decision on remand in which he found Plaintiff is not disabled and, therefore, Plaintiff is not entitled to benefits.  Tr. 18-38.  On April 2, 2021, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on May 26, 1976.  Tr. 297.  Plaintiff was 42 years old at the time of the first hearing and 43 years old at the time of the second hearing.  Plaintiff has an Associates

degree.  Tr. 874.  Plaintiff does not have any past relevant work experience.  Tr. 30.

Plaintiff alleges disability due to post-traumatic stress disorder (PTSD), anxiety, depression, sciatica, degenerative disc disease, "early degenerative spondylosis mid/lower thoracic spine early degenerative spondylosis mid/lower lumbar spine, eight degree dextro scoliosis thoracolumbar spine, muscle spasms, and stress incontinence."  Tr. 114-15.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d

881, 885 (9ᵗʰ Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9ᵗʰ Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9ᵗʰ Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9ᵗʰ Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9ᵗʰ Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9ᵗʰ Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9ᵗʰ Cir. 2012).
The court may not substitute its judgment for that of the

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The

Commissioner may satisfy this burden through the testimony of a
VE or by reference to the Medical-Vocational Guidelines set forth
in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.
If the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since her February 15, 2017,
application date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe
impairments of PTSD, degenerative disc disease, "scoliosis of the
spine," depression, and anxiety.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 21.  The ALJ found Plaintiff has the RFC to perform light
work

> except [Plaintiff] can occasionally climb, stoop,
> crouch, kneel and crawl.  [Plaintiff] must avoid
> concentrated exposure to hazards and may need to
> wear protective undergarments.  [Plaintiff] can
> perform simple and routine tasks.  [Plaintiff] can
> have occasional interaction with the public and
> coworkers.

Tr. 23.

At Step Four the ALJ found Plaintiff does not have any past

8 - OPINION AND ORDER

relevant work.  Tr. 29.

At Step Five the ALJ found Plaintiff can perform other work
that exists in the national economy.  Tr. 30.  Accordingly, the
ALJ concluded Plaintiff is not disabled.


**DISCUSSION**

Plaintiff contends the ALJ erred when he partially rejected
the statements of Amanda Huddleston, L.C.S.W., treating mental-
health provider.

Medical sources are divided into two categories:
"acceptable" and "not acceptable."  20 C.F.R. § 416.902.
Acceptable medical sources include licensed physicians and
psychologists.  20 C.F.R. § 416.902.  Medical sources classified
as "not acceptable" include licensed clinical social workers.
SSR 06-03p, at *2.  Factors the ALJ should consider when
determining the weight to give an opinion from those "important"
sources include the length of time the source has known the
claimant and the number of times and frequency that the source
has seen the claimant, the consistency of the source's opinion
with other evidence in the record, the relevance of the source's
opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.

An "ALJ may discount testimony from [not acceptable] sources
if the ALJ 'gives reasons germane to each witness for doing so.'"

*Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)(quoting
*Turner v. Comm'r*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

On December 20, 2018, Huddleston completed a Mental Residual
Functional Capacity Statement in which she noted Plaintiff had
attended weekly therapy sessions with Huddleston for two months.
Huddleston stated Plaintiff "presents with generalized anxiety,
depression, and symptoms of PTSD."  Tr. 1147.  Huddleston opined
Plaintiff has "no useful ability to function" in the areas of
"complet[ing] a normal workday and workweek without interruptions
from psychologically based symptoms," "accept[ing] simple
instructions and respond[ing] appropriately to criticism from
supervisors," and "get[ting] along with coworkers or peers
without unduly distracting them or exhibiting behavior extremes."
Tr. 1149.  Huddleston also stated Plaintiff is "unable to meet
competitive standards" in the areas of "maintain[ing] regular
attendance and be[ing] punctual," "work[ing] in coordination with
or proximity to others without being unduly distracted,"
"deal[ing] with normal work stress," "respond[ing] appropriately
to changes in a routine work setting," "deal[ing] with stress of
semiskilled and skilled work," "interact[ing] appropriately with
the general public," "maintain[ing] socially appropriate
behavior," and using public transportation.  Tr. 1149-50.
Huddleston explained Plaintiff "was observed to struggle
w/distorted perception of persons, situations, and events that

trigger fear, defensiveness, anger, and conflict across settings. She has historically (by her report) struggled in social interactions at work."  Tr. 1150.

On March 27, 2019, Huddleston completed a letter to the "SSI Determination Panel" in which she stated PTSD "impacts [Plaintiff's] ability to maintain the stability in her mood, state of arousal and cognitive function that is required for engaging in work activities consistently, as well as her ability to get along with others and adapt to complex environments." Tr. 1192.  Huddleston opined Plaintiff's PTSD, anxiety, and depression cause marked limitations in Plaintiff's concentration, ability to interact with others, and to adapt and to manage herself in the work environment "particularly with respect to emotional regulation and establishing/maintaining positive working relationships."  Tr. 1192.  Huddleston noted Plaintiff is able to use public transportation, to shop, and to run errands, but she "frequently reports altercations with others."  *Id.* Huddleston concluded Plaintiff "will only be successful in sustaining employment after a period of mental health recovery, and then likely through sheltered/supported employment situation, where the right client/position match is made and her impairments are understood, accommodated and supported."  Tr. 1194.

The ALJ gave Huddleston's opinions "little weight."  The ALJ noted Scott Kaper, Ph.D., reviewing psychologist, opined

Plaintiff is moderately limited in her ability to carry out detailed instructions and markedly limited in her ability to interact appropriately with the general public, but in all other psychological areas Plaintiff is "not significantly limited." Tr. 138-39.  Dr. Kaper noted Plaintiff "could work best in an environment without frequent contact with coworker[s] and the public as this will increase symptoms."  Tr. 140.  The ALJ also noted although Plaintiff presented with a depressed or anxious mood "at times," she was consistently alert and oriented; had a normal mood and affect; and demonstrated normal behavior, average intellect, normal memory, and normal judgment.

On this record the Court concludes the ALJ did not err when he partially rejected Huddleston's statements because the ALJ provided specific and legitimate reasons germane to Huddleston for doing so based on substantial evidence in the record.


## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the

12- OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 6th day of September, 2022.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

13- OPINION AND ORDER